Wilde, J.
The objection taken in this case to the declaration, for the want of an allegation of a demand, at the time and place appointed for payment, cannot, we think, be maintained. It is difficult to reconcile all the cases; but the weight of au *315 thority is opposed to the objection, and it has no foundation in principle.
It was for the first time determined, in the case of Callaghan vs. Aylett, 2 Camp. 549, that in an action against the maker of a promissory note, or the acceptor of a bill of exchange, payable at a place certain, it is necessary for the plaintiff to aver a demand at the place; such demand being a condition precedent to his right of action. This was denied to be law by the Court of King’s Bench, in the case of Fenton vs. Goundry, 13 Fast, 459. But the * Court of Common Pleas, in the case of Gam- [ * 391 ] mon vs. Schmoll, 5 Taunt. 344, adhered to the doctrine laid down in the case of Callaghan vs. Aylett; and afterwards the Court of King’s Bench, in the case of Sanderson vs. Bowes & Al., 14 East, 500, adopted the same doctrine, so far as it relates to promissory notes. They do not overrule the case of Fenton vs. Goundry; and there is a material distinction between that case and the one of Sanderson vs. Bowes & Al., although it seems to have been overlooked by the Court. In the former case, the bill was payable at a time and place certain; in the latter the note was payable on demand. And the reason given by the Court, why a de mand in such a case is necessary, is, that it is required by the express terms of the contract. The like reason is given in the case of Birks vs. Trippet, 1 Saund. 33. Lord Ellenborough admits, that where money is to be paid, or something to be done, at a particular time, as well as place, the defendant ought to be held to show, by way of defence, that he was ready at the time and place to pay. 14 East, 504. We think the law is clearly so, notwithstanding the decision in the case of Gammon vs. Schmoll, in which this point does not appear to have been considered.
In an action for the non-payment of money upon an award, which directs the money to be paid at a certain time and place, it is sufficient for the plaintiff to allege generally that the money has not been paid. 13 East, 473. But if the money in such case be made payable upon request, an actual request should be made; and being a condition precedent to the right of action, it must be laid in the declaration. Birks vs. Trippet. So if rent be payable on the land at a certain day, no demand is required; nor can it be necessary, in any case, where the promise is to pay money at a certain time and place; for a demand is not required by the terms of the contract. If a demand, at the time and place appointed for payment were indispensable, there would be no remedy in case of non-payment, if a demand were omitted even by accident. And yet * there is no color for saying that such [ * 392 omission would discharge the maker of a promissory note *316 from his liability; for a tender and refusal would not bar the debt, but only the damages. 13 East, 473, Bac. Abr. Tender, &c., F. In respect to an endorser, it would be otherwise; for to charge him, a demand on the maker is in every case necessary. But in an action against the maker of a promissory note, or the acceptor of a bill of exchange, payable at a certain time and place, no good reason can be given for requiring the plaintiff to aver a demand.
If the defendant was ready with his money, at the time and place stipulated, he may plead it as matter of defence. This the defendant has done in the present case ; and he would be entitled to judgment, if he had pleaded with a profert in curia. This omission in the plea we think fatal.
It was indeed formerly holden that, if a contract be to pay money at a place certain, it is not necessary, in pleading a tender, to bring the money into Court; because it is said, the party is not to pay the money at any other place. But the better opinion seems to be, that a plea of tender, in such a case, without a profert, is insufficient. Bac. Abr. ubi supra.—Bro. Tout. Temps, prist, pi. 43.—2 Roll. Abr. 524.
Lawes, in his treatise on pleading in assumpsit, p. 627, says that it is not quite clear, that a profert is necessary in the action of assumpsit. But we can perceive no ground, in authority or reason, for such a doubt. The rule is general, that if a debt or duty be not discharged by a tender and refusal, the tender must be pleaded with a profert in curia.—Bac. Abr. ubi supra, Bro. Tout. Temps, prist, pi. 15, 25, 31, 41, 43.—2 Roll. Abr. 524. The practice has always been, to plead a tender with a profert, in assumpsit as well as in debt; and it ought not to be departed from.
The case of Robbins vs. Luce, cited by the defendant’s counsel, was an action upon a promissory note, payable in barrels ; [ * 393 ] and it came within the exception to the general * rule, that when the thing tendered is so bulky or heavy, that it cannot be conveniently brought into Court, no profert is required.
For these reasons we are of opinion, that the plea in bar, being equivalent to a plea of tender, and not being pleaded with a profert in curia, is bad ; and judgment must be entered accord ingly.
Note.—In the case of Rowe vs. Young, 2 Brod. & Bing. 165, which had not been published in this country, when judgment was pronounced in the principal case, it was determined in the House of Lords, that in an action against the acceptor of a bill of exchange, payable at a particular time and place, it is necessary to aver in the declaration a presentment at the place, and' the averment must be proved But it was held by eight of the judges, that no such averment or proof is necessary *317 “ Another rule,” says one of the learned judges (Bayley),li upon the subject of demands, I take to be this; that the fixing a special time and place for payment will not make an actual demand at the time and place necessary, as part of the plaintiff’s title in a case in which otherwise the demand would not be necessary; but that, in that case, also, a tender or readiness to pay at the time and place is matter of defence, and of defence only. An award directs money to be paid at a given time and place. In an action on such award, does the declaration allege any demand at that time and place? Certainly not. Upon an application inde for an attachment, is not the attachment constantly granted, though personal demand was not made at the time or p ace, and though attendance at the time and place is not stated ? In assumpsit on the award, the declaration, that the defendant promised to perform the award, and that the award directed payment at a given time and place; in substance, therefore (incorporating the promise and the award together), it is a promise to pay what is properly a debt of the defendant’s at a given time and place ; and yet the declaration never states either attendance by the plaintiff at the place, or a demand by the plain tiff at the place ; the utmost which it states is, that the defendant did not pay at the place, or at any other time or place. To debt on bond, the defendant, after oyer of the condition of the bond, which was the performance of an award, pleaded no award made. The plaintiff replied an award made, directing the defendant to pay the plaintiff £66 at his house at Sennocke, on the 22d of October, between the hours of ten and twelve, but that the defendant did not pay the £66 which he ought to have paid on that day, according to the form and effect of the award. Lutw. 558 There are three precedents to this effect in Mr. CaldwdVs book upon awards, pp. 318 322, 323, the first in assumpsit, the other two in debt; and there are many similar precedents in other books. Now, upon what principle do these declarations omit to state attendance at the place, or demand at the place ? Clearly upon this, that the money awarded to be paid became a debt from the defendant; that he was under a general obligation to pay, and not confined to time or place; and that, therefore attendance at time and place was not part of the plaintiff’s title; but readiness to pay at time and place was matter only of defence. Mr. Caldwell, indeed, p. 194? lays it down, that where the money is to be paid at a certain time and place, the plaintiff must aver that he attended there at the time appointed, and remained until the period within which payment was to be made ; but this position is evidently founded on a mistaken notion of the case of Phillips vs. Knightly, Fitzg. 53.—1 Barnard, 84. There, according to Fitzgibbon, the plaintiff was, upon receiving the money, to give the defendant a covenant of indemnity : there were, therefore, to be two concurrent acts, viz., the payment of the money, and giving of the covenant; and the plaintiff could not sue for the money, without showing a readiness, on his part, to give the covenant, which he had not done. This case, therefore, is not at variance with the established precedents; and I have only noticed it, that a mistake in a useful book may be cor rected.”
u Another class of cases, which I will mention, are cases of rents. Rent is reserved in some cases generally, and then the proper place for the payment, the place appointed by law, is the land out of which it issues. In some cases it is expressly made payable at some other place; and yet in neither case is there a precedent, either in debt on the reddendum, or in covenant, of an averment, that the plaintiff was at the time and place to demand it. So in covenant upon a mortgage deed, to pay the mortgage money, on a given day in Lincoln*s-Inn Hall, or in any other place ; or in debt upon a single bill to pay money for a past consideration, at a given place, the declaration never alleges attendance or demand by the plaintiff; but merely alleges non-payment by the defendant.”
11 Now, what can be the principle of all these cases ? What but this, that the money to be paid is a debt from the defendant; that it is due generally and universally; that it will continue due, though there be a neglect on the part of the creditor to attend at the time and place to receive ; that it is matter of defence on the part of the defendant to show that he was in attendance to pay, but that the plaintiff was not in readiness to receive; and that defence will, generally speaking, be in bar of damages only, and not in bar of the debt, and must be accompanied with the bringing of the debt into court.”
Some of the judges make no distinction between notes and bills payable on demand at a day certain, and those payable at a particular time and place. Others hold that in the former class of cases only, is a demand necessary, according to the cases of *318 Sanderson vs. Bowes, 14 East, 500, and that of Bowes vs. Howe, 5 Taunt. 30. In such cases they admit that, by the terms of the contract, the defendant is bound to pay only on demand, to be made at a particular place; the first act, therefore, is to be performed by the holder of the bill or note; and the plaintiff must aver performance, in order to bring himself within the defendant’s promise. But a promise to pay at a certain time or place, they hold to be an undertaking to pay absolutely at all events, and not subject to any expressed or implied- condition, which must be previously per formed by the holder; not expressed, because no demand is required by the terms of the contract; and not implied, because there is no such legal implication. Before the case of Callaghan vs. Aylet,2 Campb. 549.—3 Taunt. 397, S. C., no case can be found in which a demand in such a case was held necessary. It was held not to be necessary in the case of Smith vs. De La Fontaine, Holt's N. P. C. 366, note, decided by the Court of King’s Bench, in 1785, and no doubts appear to have been entertained of the correctness of this decision, until 1811, when a different doctrine was advanced by the Court of Common Pleas, in the case of Callaghan vs. Aylet (3). [2 Broderip and Bingham, 210,214.]

 [The question in Rot vs. Young related merely to the effect of an acceptance to pay at a particular place a bill, in whied there was no particular place mentioned for payment; but it seems to have been well settled before the case of Roe vs. Young, that where a particular place is mentioned in the note or bill, where payment is to be made, the note or bill must be presented at that place for payment.—Gammon vs. Schmoll, 5 Taunt. 344.—1 Marsh. 80.—Roche vs. Campbell, 3 Campb. 387.— Trecothick vs. Edwin, 1 Stark. 468.—Butterworth vs. La Dispenser, 3 M. & S. 150.—Sanderson vs. Bowes, 14 East, 500.—Dickenson vs. Bowes, 16 East, 110 Bowes vs. Howe, 5 Taunt. 30.— Williams vs. Waring, 10 B. & Cres. 2.—Sproule vs. Legge, 2 D. § R. 15.—1 B. & C. 16.—Tucherman vs. Hartwell, 9 Grcenl. 147.—Gibbs vs. Mather, 2 Cr. & Jer. 254.—2 Tyr. 189.—8 Bingh. 214.—1 M. &. S. 387.—Ed